IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-HC-2124-BO

| | |
|---|---|
| VERNON S. BULLOCK,  )  <br>    Petitioner,  )  <br>    )  <br> v.  )  <br>    )  <br> LAWRENCE SOLOMON,  )  <br>    Respondent.  )  | ORDER |

Petitioner, a state inmate, petitioned the court for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 19, 2008, the court granted, in part, respondent's motion for summary judgment. Two remaining claims were dismissed by the court, in an order filed on August 4, 2010. Petitioner has now filed a motion to alter or amend judgment (D.E. #24) pursuant to Fed. R. Civ. P. 59(e). As explained below, the motion to alter or amend judgment is denied.

Rule 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision whether to amend or alter a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). Courts have recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for the availability of new evidence not previously available; or (3) to correct clear error of law or prevent manifest injustice. See, e.g., Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Consequently, "[a] Rule 59(e) motion is not intended to allow for reargument of the very issues that the court has previously decided," DeLong v. Thompson, 790 F. Supp. 594, 618 (E.D. Va. 1991), aff'd, 985 F.2d 553 (4th Cir. 1993), and is not "intended to give an unhappy litigant one additional chance to sway the judge."

Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977). Therefore, to successfully persuade this court to alter or amend its judgment, petitioner must demonstrate that a recent change in the law, newly discovered evidence, or a clear error by this court merits such a change.

In the motion to alter or amend judgment, petitioner argues that this court's order contains errors of law and fact. In making the claim, petitioner's argument focuses on his belief that the court failed to address the Interstate Agreement on Detainers' issue. Petitioner argues that North Carolina did not bring petitioner to trail within 120 days from his return from New Jersey and thus violated the Interstate Agreement on Detainers. Further, petitioner argues the court misapplied the law pertaining sentencing guidelines. Lastly, petitioner moves the court to correct a clerical error in this court's August 4, 2010, order. Petitioner's motion is based on an apparent clerical error, in which the complete order was not filed and a Certificate of Appealability for another order was mistakenly added to the August 4, 2010, order.

In asking the court to reconsider, petitioner does nothing more than re-assert arguments made previously in his petition and response to respondent's motion for summary judgment. Therefore, the claims are without merit. Accordingly, Bullock fails to demonstrate an intervening change in controlling law, to present new evidence previously not available, or to show a clear error of law that would support granting his Rule 59 motion. The motion to alter or amend judgment (D.E. #24) pursuant to Fed. R. Civ. P. 59(e) is DENIED.

Under Rule 60(a) clerical mistakes may be corrected on motion of any party before the appeal is docketed in the appellate court. Fed. R. Civ. P. 60(a). As of the date of the signing and filing of that order, an appeal has not been docketed in the United States Court of Appeals for the Fourth Circuit, and the district court may correct the mistake. Id. On August 5, 2010, the court entered an order in which portions of two orders were inadvertently where entered as one. The Motion to

Correct the Clerical Error is hereby ALLOWED (D.E. # 24). The corrected order has been docketed by the clerk. The Clerk of Court is DIRECTED to serve petitioner with a copy of the corrected order.

Accordingly, the motion for reconsideration is ALLOWED as to the clerical error and DENIED in all other aspects. (D.E. # 24)

SO ORDERED, this 18 day of October 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE